**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLAFIRO GONZALEZ,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 5:25-cv-2669-MRA (SK)<br>**ORDER ACCEPTING REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS [18]** |

In accordance with 28 U.S.C. § 636, the Court has reviewed the filed Report and Recommendation (R&R) to grant Defendant's motion to dismiss Plaintiff's complaint and Plaintiff's objections (ECF 31).

Plaintiff brings this action under the Federal Tort Claims Act ("FTCA") for alleged sexual assault and battery inflicted upon him by prison guards while he was incarcerated at the United States Penitentiary at Lompoc, California. (ECF 1 at 5.) The R&R recommends the dismissal of this action because Plaintiff has not alleged a predicate physical injury or qualifying sexual act. (ECF 30.) Plaintiff's objections to the R&R do not merit a different result.

As an initial matter, Plaintiff's objections raise several allegations about a variety of incidents, including his attempt to obtain redress for the alleged abuse through the prison grievance system, his continuing emotional harm and humiliation by other prison officers, and his recurring problems with the prison system following his transfer away from Lompoc. (ECF 31 at 3-10.) The allegations are not responsive to the R&R, which found that

Plaintiff cannot sue the United States for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a qualifying sexual act. (ECF 30 at 9.) Plaintiff's allegations, as raised in his objections, do not suggest a physical injury or the commission of a qualifying sexual act as defined under law. (ECF 31 at 3-10.) Instead, the gravamen of the allegations appears to be a recent and widespread pattern of retaliation against Plaintiff by several individuals throughout the prison system, without a showing of how such allegations are cognizable against the United States under the FTCA. *See Parks v. Wren*, 2019 WL 4854854, at *8 (C.D. Cal. Aug. 6, 2019) ("Plaintiff could not bring an FTCA claim alleging a deprivation of his First Amendment rights via retaliation, because constitutional injuries are not actionable under the FTCA.") (citing *FDIC v. Meyer*, 510 U.S. 471, 478 (1994)); *see generally Romero v. United States*, 771 F. Supp. 3d 1137, 1144 (S.D. Cal. 2025) (Plaintiff cannot maintain an FTCA claim premised on federal constitutional rights or state constitutional rights that overlap with federal constitutional rights).

Plaintiff objects that dismissal without leave to amend is not warranted. (ECF 31 at 11-12.) The Court understands Plaintiff wishes to add more allegations, but several reasons support the R&R's recommendation to deny leave to amend. (ECF 30 at 9-10.)

First, as the R&R noted, Plaintiff brought a prior unsuccessful action based on the alleged assault, in Case No. 2:24-cv-01944-MRA-SK. (*Id.* at 10.) Throughout that action and this action, Plaintiff has never plausibly alleged a physical injury or qualifying sexual act as defined by law. (*Id.*)

Second, Plaintiff already was made aware of the pleading deficiency during this action and attempted unsuccessfully to cure it. Defendant's Motion to Dismiss pointed out that Plaintiff had failed to allege a physical

injury or a qualifying sexual act. (ECF 16 at 11-12.) In his opposition to the Motion, Plaintiff alleged "intentional and non-consensual contact with his genital area." (ECF 21 at 5.) As the Report correctly noted, this allegation does not state a qualifying sexual act as defined by federal law, because it did not allege sexual touching or penetration. (ECF 30 at 9.)

Third, as the Report noted, attachments to the Complaint "reflect[] an evidentiary reality that no amount of good faith repleading can change." (ECF 30 at 9.) Specifically, an attachment shows that, in a prison grievance, Plaintiff provided a highly detailed account of the humiliating incident without once suggesting a physical injury or the commission of a qualifying sexual act during that incident. (ECF 1 at 26.) In another attachment, a prison officer told Plaintiff that, in his grievance, "[a]t no time did you report a sexual assault, you did report feeling uncomfortable due to a visual search that was conducted on 3/7/22." (*Id.* at 43.)

Fourth, Plaintiff does not suggest in his objections how he can cure the pleading deficiency. Although Plaintiff maintains that he can plead additional facts about the incident, he notably does not suggest how he could plausibly allege a physical injury or qualifying sexual act in a non-conclusory manner. (ECF 31 at 11-12.) These circumstances are a strong indication that Plaintiff cannot do so. *See In re Vantive Corp. Securities Litigation*, 283 F.3d 1079, 1098 (9th Cir. 2002) ("When given the opportunity, the plaintiffs declined to say what additional facts they might plead if given the chance to amend. Such a failure is a strong indication that the plaintiffs have no additional facts to plead.") (footnote omitted), *abrogated on other ground as recognized by Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 766 (9th Cir. 2023); *see also Scrap Yard, LLC v. City of Cleveland*, 513 F. App'x 500, 507 (6th Cir. 2013) (denial of leave to amend requested by Plaintiffs in objections to an R&R was not an abuse of

discretion where Plaintiffs did not indicate how the deficiencies in their Complaint could be remedied).

Having reviewed de novo those specific and identifiable portions of the R&R to which Plaintiff has timely and properly objected, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc), the Court finds that Plaintiff's objections do not affect the material findings and conclusions in the R&R. For this reason, the Court accepts the recommendation and orders that Defendant's motion to dismiss Plaintiff's complaint be granted. Judgment dismissing this action will be entered accordingly.

IT IS SO ORDERED.

DATED: September 30, 2026

MONICA RAMIREZ ALMADANI
United States District Judge